# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SACRAMENTO MOUNTAINS WATERSHED
RESTORATION CORPORATION, a non-profit
New Mexico Corporation,

vs.                                                                                                  No. CV-03-01110 JC/LCS

UNITED STATES FOREST SERVICE, et al.,

        Defendants,

vs.

CITY OF ALAMOGORDO,

        Intervenors.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Intervenor City of Alamogordo's Motion to Consolidate and Memorandum in Support, filed August 4, 2004 (*Doc. 18*).  Having considered the Motion, the pleadings, the relevant authority, and being otherwise fully advised in the premises, the Court finds the Motion well-taken and it is, therefore, granted.

**I.**     **Background**

Plaintiff filed its Complaint in this action on September 19, 2003 (*Doc. 1*) against the United States Forest Service, the United States Department of Agriculture, the United States Environmental Protection Agency, the United States Army Corp of Engineers, and officials of each agency (collectively "Federal Defendants").  The Complaint seeks declaratory and injunctive relief for alleged

violations of the (1) National Environmental Policy Act (NEPA), 5 U.S.C. §§4321 to 4370(e), brought pursuant to the Administrative Procedures Act (APA), 5 U.S.C. §§551 to 706; and (2) Section 404 of the Clean Water Act (CWA), 33 U.S.C. §§1251 to 1387, brought pursuant to the citizen's suit provision of the CWA. On November 19, 2003, the Court entered its Order permitting the City of Alamogordo ("City") to intervene (*Doc. 6*). On February 5, 2004 the City filed *Intervenor City of Alamogordo's Motion to Dismiss Plaintiff's Claims for Violations of the National Environmental Policy Act and for Violations of the Clean Water Act, or in the Alternative Motion for Summary Judgment, and Memorandum in Support* (*Doc. 10*). On February 6, 2004, the Federal Defendants filed *The United States' Motion to Dismiss and Memorandum in Support Thereof* (*Doc. 11*). Plaintiff responded to neither of these motions.

On June 4, 2004, the City submitted a proposed order to the Court granting summary judgment in favor of the City and dismissing Plaintiff's claims with prejudice. On July 7, 2004, Plaintiff filed a document styled Notice of Completion of Briefing, which states in pertinent part, "the Plaintiff is inclined to concur that the Plaintiff's NEPA and CWA claims, as presented in the present complaint, should be dismissed, and therefore did not respond in opposition to the Defendant's motion." (*Doc. 17*). Plaintiff attached to that filing a copy of the City's proposed order dismissing the case. On July 9, 2004, Plaintiff filed another, remarkably similar case in the District Court, Case Number CIV 04-00780, which is currently pending before Judge Johnson. Federal Defendants subsequently filed the Motion to Consolidate presently before the Court.

**II.     Discussion**

In deciding whether to consolidate cases, a court should initially determine if the pending actions share a common question of law or fact. Fed. R. Civ. P. 42( a). If the actions involve a

common question of law or fact, the Court should then weigh the interests of judicial convenience in consolidating the cases against any delay, confusion, and prejudice consolidation might cause. *Servants of Paraclete, Inc. v. Great American Ins. Co*., 866 F. Supp. 1560, 1572 (D. N. M. 1994). The determination of a motion to consolidate is within the trial courts discretion. *Shump v. Balka,* 574 F. 2d 1341, 1344 (10th Cir. 1978).

The cases here clearly involve common questions of law and fact. For example, both complaints allege that Federal Defendants have improperly allowed the City to divert and convey waters of the Maruchi stream, the La Luz stream, and Fresnal River flow; both complaints allege that diversion and conveyance by the City of Alamogordo is subject to Section 404 of the Clean Water Act; and both cases seek an injunction that could impact a significant portion of the City's water supply. Further, as the city rightly argues, all parties are presently before the Court in this case, and the City would have to move again to intervene if CIV 04-00780 WJ/RHS proceeded as an independent action.

Consequently, the Court finds that consolidation of these two cases would avoid unnecessary costs or delay, and thus, the interests of judicial convenience weigh heavily in favor of consolidation. Therefore, the Court will exercise its discretion to consolidate Case No. CIV 03-01110 JC/LCS with Case No. CIV 04-00780 WJ/RHS.

Wherefore,

**IT IS ORDERED** that CIV 03-01110 JC/LCS and Case No. CIV 04-00780 WJ/RHS are consolidated**.**  No. CIV 03-01110 is the lead case.  All future filings in No. CIV 04-00780 WJ/RHS will be filed in No. CIV 03-01110 JC/LCS.

DATED December 10, 2004.

                                                               */s/ John Edwards Conway*
                                        SENIOR UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiff:

    Alletta Belin, Esq.
    Steven Sugarman, Esq.
    Santa Fe, New Mexico

Attorneys for Defendants:

    Lois Godfrey Wye
    Environmental Defense Section
    U.S. Department of Justice
    Washington, D.C.

    David Gehlert
    Environmental & Natural Resources Division
    Denver, CO

    Jan Mitchell
    Assistant U.S. Attorney
    Albuquerque, NM

    Perter Dominici, Jr.
    Dolan & Dominici, P.C.
    Albuquerque, NM