IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SACRAMENTO MOUNTAINS WATERSHED
RESTORATION CORPORATION, a non-profit
New Mexico Corporation,

        Plaintiff,

vs.                                                                                         No. CIV 03-1110 JC/LCS

UNITED STATES FOREST SERVICE, et al.,

        Defendants,

vs.

CITY OF ALAMOGORDO,

        Intervenors.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon City of Alamogordo's Application for Attorney's Fees, filed August 5, 2005 (*Doc*. 28). This motion is filed pursuant to FED. R. CIV. P. 54. The City of Alamogordo is requesting attorney's fees under the Clean Water Act, 33 U.S.C. 1365(d), in the amount of $9826.75 on the grounds that it was the prevailing party in the first complaint filed in this case. The Court has reviewed the Application, the memoranda and exhibits submitted by the parties, and the relevant authorities. The Court finds the Application to be not well taken, and it is therefore DENIED.

**I.**    **Background**

Plaintiffs filed the first complaint in this case on September 19, 2003 (*Doc*. 1), alleging

violations of the National Environmental Policy Act (NEPA) and the Clean Water Act (CWA). The City of Alamogordo was not named in this suit, but sought to intervene as they owned or controlled much of the water in question in the suit.  The city was granted leave to intervene on November 19, 2003 (*Doc*. 6).  The City filed a motion to dismiss the NEPA and CWA claims, or in the alternative, summary judgment, on February 5, 2004 (*Doc*. 10).  Plaintiffs did not file a responsive motion, despite a notice of completed briefing of motion to dismiss from both the City and the other Defendants.  On July 7, 2004, however, Plaintiffs filed a Notice of Completion of Briefing which agreed that their claims should be dismissed, but claimed that they lacked the power to voluntarily dismiss them. (*Doc*. 17).  Immediately following this action, Plaintiffs filed a nearly identical Second Complaint.  The City of Alamogordo intervened once again in this Second Complaint and requested that the Court consolidate the two actions.  This consolidation motion was granted on December 10, 2004 (*Doc*. 21).   The parties reached a settlement agreement, and an order dismissing the case was entered on September 12, 2005.  The City of Alamogordo seeks the award of attorneys fees incurred in the defense of the CWA claims contained in the original complaint.

**II. Standard of Review**

Under the attorney fees section of the CWA, the award of fees may be granted to "any prevailing party or substantially prevailing party." 33 U.S.C. §1365(d); *Razore v. Tulalip Tribes*, 66 F.3d 236, 240 (9th Cir. 1995).  This decision is discretionary upon the Court.  The determination of who is the prevailing or successful party is based upon success upon the merits. *American Ins. Co. v. El Paso Pipe & Supply Co.*, 978 F.2d 1185, 1193 (10th Cir. 1992).  Further, though, the granting of attorney's fees to prevailing defendants in this type of federal statutory

...
action requires a showing that the suit was "frivolous, unreasonable, or without foundation." *Christianburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421 (1978) (noting the CWA fee provision is analogous to the statute in question at 416 n.7). The Tenth Circuit has held this standard to be difficult to meet, "to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff." *Mitchell v. City of Moore*, 218 F.3d 1190, 1203 (10th Cir. 2000).

### III. Discussion

#### A. Prevailing Party Standard

The City's claim for attorney's fees comes from the assertion that they were the prevailing party of the CWA claims in the original complaint. To achieve prevailing party status, however, one must be deemed successful *on the merits* of the case. Here, the City bases it claim for prevailing party status on the failure of Plaintiffs to file a response to the original motion to dismiss. Reply at 2. This procedural faux pas is not enough to achieve this determination. Further, no dismissal of the CWA claims in question has been granted, to this date. Instead, the two suits were consolidated, at the City's request. This consolidation order also did not consider the merits of the case, but only acted in a procedural capacity. Additionally, the pending settlement order which may result in the voluntary dismissal of all claims does not mean that one party necessarily has prevailed over the other. *See Bratton v. City of Albuquerque*, 375 F.Supp.2d 1114, 1119-1120 (D.N.M. 2004); *Dean v. Riser*, 240 F.3d 505 (5th Cir. 2001); *Marquart v. Lodge 837*, 26 F.3d 842 (8th Cir. 1994). Instead, precisely because this dismissal may come from a settlement order, and not from any determination the Court has made about the merits of any claim, the Court is extremely reluctant to declare one party as prevailing in the

matter. Indeed, as Plaintiffs note, although they may have agreed to voluntarily dismiss their claims, they have achieved something positive from the result and may consider themselves to have actually prevailed in this case.

### B.      Prevailing Defendant Standard

Even if the City could meet the definition of a prevailing party, they still do not meet the more stringent standard required of a prevailing defendant being sued under a federal statute such as the CWA. For the City to prevail here, under *Christianburg* and its progeny, they must show that the suit was frivolous, unreasonable or without foundation. 434 U.S. at 421. That burden has not been met here. The Supreme Court has clearly expressed its rationale for this more stringent standard, as plaintiffs are considered the chosen Congressional instrument to enforce these statutes, and assessing attorney's fees against them only for not meeting the prevailing party status would frustrate Congress' enforcement attempts. *Id.* at 422.

As pled here, the Plaintiffs appeared to have every right to bring their suit under the CWA. If the Plaintiffs were aggrieved by their streams and wetlands drying up, it is proper for them to seek relief through a federal statute which explicitly gives them the right to sue. Further, the Tenth Circuit has firmly advised that,

> "district courts must resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success." *Jane L. v. Bangerter*, 61 F.3d 1505, 1513 (10th Cir. 1995) (citing *Christianburg*, 434 U.S. at 421-422).

Further, that the City chose to intervene in both of the lawsuits weighs against the suits being brought frivolously. The City obviously considered the claims of enough weight and

4

importance to become involved. While their efforts may not be duplicative of the Defendants, as Plaintiffs assert, they certainly lend some credence to the validity of Plaintiff's suits.

Wherefore,

**IT IS ORDERED** that City of Alamogordo's Application for Attorney's Fees, filed August 5, 2005 (*Doc*. 28) is **denied.**

DATED November 2, 2005.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiffs:

    Alletta Belin, Esq.
    Steven Sugarman, Esq.
    Belin & Sugarman
    Santa Fe, New Mexico

Counsel for Defendants:

    Lois Godfrey Wye, Esq.
    Environmental Defense Section
    United States Dept. of Justice
    Washington, D.C.

    David Gehlert, Esq.
    Environment & Natural Resources Division
    Denver, Colorado

    Jan Elizabeth Mitchell
    Assistant U.S. Attorney
    Albuquerque, New Mexico

Counsel for Intervenors:

    Pete V. Domenici, Jr., Esq.
    Domenici Law Firm, P.C.
    Albuquerque, New Mexico